IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RICHARD W. GILLINGHAM,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 13-77-M-DWM-JCL<br><br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On April 19, 2013, Richard W. Gillingham filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. He is a state prisoner proceeding pro se. On May 20, 2013, pursuant to a court order, Gillingham filed an Amended Petition.

The petition now before the Court challenges the revocation of his probation in 2005. It is Gillingham's second habeas petition. His first, filed on October 2, 2012, asserted only that he was not convicted of the crime underlying the revocation sentence in this case: "I, Richard Wayne Gillingham, was neither convicted nor

1

sentenced but merely agreed to 'voluntarily' leave the United States and never return under any condition. Therefore, I expect to be released and immediately returned to Canada." Pet. at 1, *Gillingham v. Kirkegard*, Cause No. CV 12-162-M-DLC-JCL (D. Mont. filed Oct. 2, 2012). In response to Gillingham's claim, the State filed a certified copy of the Judgment, which was filed in Montana's Fourth Judicial District Court on August 6, 1993. *See* Notice of Filing Ex. 1 (doc. 10-1) at 1-5. Accordingly, Gillingham's petition was denied and the case was closed on March 19, 2013. *See generally Gillingham v. Kirkegard*, Cause No. CV 12-162-M (D. Mont. filed Oct. 2, 2012).

On April 3, 2013, Gillingham filed – in the already closed case – motions seeking a transcript of his probation revocation hearing, held in August 2005, as well as a new hearing to confront the witnesses to the probation violation(s) and the persons involved in the revocation. With the motions, Gillingham submitted a document titled "Petition," which challenged the revocation of his probation. The motions were stricken because the case was already closed. Gillingham was advised that, if he meant to file a new action, forms for doing so were available at the prison. *See* Stricken Documents (docs. 19, 19-1, 19-2), *and* Order Striking Mot. (doc. 20), *Gillingham*, No. CV 12-162-M.

Although Gillingham did not challenge the revocation of his probation in his

2

first petition, he could have. He filed it in October 2012, more than seven years after the revocation hearing in August 2005. Consequently, the instant petition is an unauthorized second habeas petition. *Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002) (interpreting 28 U.S.C. § 2244(b) in light of common-law doctrine of abuse of the writ). This Court lacks jurisdiction to hear Gillingham's second petition. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); *see also Beaty v. Schriro*, 554 F.3d 780, 782-83 (9th Cir. 2009) (per curiam) (distinguishing *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008)). It should be dismissed.

A certificate of appealability is not warranted. The law governing jurisdiction and dismissal of the petition is well-established and not debatable. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Transfer to the Court of Appeals, 28 U.S.C. § 1631, is not in the interest of justice because Gillingham's second petition is time-barred as well.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (docs. 1, 8) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Gillingham may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Gillingham files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Gillingham from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Gillingham must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in

4

dismissal of his case without notice to him.

DATED this 21st day of May, 2013.

Jeremiah C. Lynch
United States Magistrate Judge